UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK, NA, ON BEHALF OF THE REGISTERED HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I LLC, ASSET-BACKED CERTIFICATES, SERIES 2006-HE8, its successors and/or assigns,<br><br>                           Plaintiff,<br>v.<br><br>ANTONIETA TOVAR-GUZMAN, ROBERT J. STONE SR., and DOE OCCUPANTS I through X, inclusive,<br><br>                           Defendants. | Case No. 2:16-cv-00445-MMD-CWH<br><br>ORDER |

**I.     SUMMARY**

Defendant Joseph Eugene Piovo ("Piovo"),[1] proceeding pro se, removed this action from the Henderson Justice Court for Clark County. (ECF No. 1.) Before the Court is Plaintiff U.S. Bank NA's motion to remand ("Motion"). (ECF No. 8.) The Court has reviewed Piovo's response (ECF Nos. 11, 13) and U.S. Bank's reply (ECF No. 15). For the reasons discussed herein, U.S. Bank's Motion is granted.

**II.    BACKGROUND**

U.S. Bank filed a Verified Complaint for Unlawful Detainer ("Complaint"), seeking possession of the real property located at 1853 Indian Bend Drive in Henderson,

---

[1] Piovo represents that he is named as a "DOE Occupant" in the underlying complaint. (ECF No. 1 at 1.)

Nevada ("the Property"). (ECF No. 8 at 19-21.) U.S. Bank alleges that it purchased the Property at a trustee's sale but defendants were in possession of the Property. (*Id.* at 20.) U.S. Bank requests as relief possession of the Property, rent of no more than $1,000.00 and costs and fees in the total amount of $596. (*Id.* at 21.)

### III. DISCUSSION

Piovo alleges that removal is based on federal question jurisdiction. (ECF No. 1 at 4-7.) As support, he makes allegations about the nature of the state court action and US Bank's alleged fraudulent conduct. (*Id.*) U.S. Bank counters that the Court lacks both federal question jurisdiction and diversity jurisdiction. (ECF No. 8.) The Court agrees.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

The "presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Complaint involves an unlawful detainer claim. (ECF No. 8 at 19-21.) It does not present a federal question.[2] The Court thus cannot exercise federal question jurisdiction.

///

---

[2] Piovo files counterclaims (ECF No. 5), but the Court only looks to the Complaint to determine jurisdiction.

Nor does the Court have diversity jurisdiction. To establish subject matter jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Where a defendant removes a plaintiff's state action on the basis of diversity jurisdiction, the defendant must either: (1) demonstrate that it is facially evident from the plaintiff's complaint that the plaintiff seeks in excess of $75,000, or (2) prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional limit. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115 (9th Cir. 2004). U.S. Bank seeks possession of the Property and claims up to $1000 in rent. Clearly, the amount at stake in the underlying action is less than $75,000.[3]

## IV. CONCLUSION

It is therefore ordered that U.S. Bank's motion to remand (ECF No. 8) is granted.

It is ordered that this case be remanded consistent with this Order.

The Clerk is instructed to close this case.

DATED THIS 20th day of October 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3] Piovo disputes U.S. Bank's ownership of the Property, but such dispute is not the claim presented in the Complaint.

3